# EXHIBIT A
# FRANK HIGNEY AFFIDAVIT

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MTB BRIDGEPORT-NY OPERATING LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 11-12707 (___)<br>(Joint Administration Requested) |

### AFFIDAVIT OF FRANK HIGNEY IN SUPPORT OF DEBTORS' APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KALIL & CO., INC. AS BROKER TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

I, Frank Higney, being duly sworn, depose and say:

1. I am Vice President of Kalil & Co., Inc. ("Kalil") and am duly authorized to make this Affidavit on behalf of Kalil. The facts set forth in this Affidavit are personally known to me and, if called as a witness, I could and would testify thereto.

2. This Affidavit is submitted in support of the Application for an Order Authorizing the Employment and Retention of Kalil & Co., Inc. as Broker to the Debtors Nunc Pro Tunc to the Petition Date (the "Application").[2] I make this Affidavit on personal knowledge or on information itself as set forth herein.

3. Kalil has agreed to provide media brokerage services to the Debtors in the above-captioned Chapter 11 cases pursuant to the terms and conditions of the brokerage agreement between the Debtors and Kalil (the "Brokerage Agreement"), a copy of which is attached hereto as Exhibit "1".

4. To determine its relationship with parties in interest in these Chapter 11 cases, Kalil has researched the client database it maintains to determine whether it has any

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) MTB Bridgeport-NY Operating LLC (0459); and (ii) MTB Bridgeport-NY Licensee LLC (4381).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

relationships with the entities (individually an "Interested Party" and collectively, the "Interested Parties") that were identified to Kalil by the Debtors. Parties included in the conflict search are included on Exhibit "2" hereto. Such entities include:

(a) The Debtors and their non-debtor affiliates;

(b) The managing member of the Debtors;

(c) The Debtors' top 20 creditors;

(d) The attorneys and other professionals of the Debtors;

(e) The significant pre-petition lenders of the Debtors and their professionals;

(f) The proposed post-petition lender(s) to the Debtors and its professionals;

(g) Parties believed to hold material amounts of the Debtors' stock and other securities; and

(h) Other potentially adverse parties.

5. The attached Exhibit "3" details the relationship check performed by Kalil and identifies any relationships discovered through such investigation that Kalil has with any Interested Parties in these Chapter 11 cases.

6. To the best of my knowledge, information and belief after reasonable inquiry, other than as disclosed in this Affidavit, neither I, Kalil, nor any of our professionals or employees participating in or connected with Kalil's engagement with the Debtors: (i) is related to the Debtors or any other party in interest herein, the United States Trustee for the District of Delaware or anyone employed in the United States Trustee's Office for this District; (ii) has any connection with or holds or represents any interest adverse to the Debtors, its estates, its creditors or any other Interested Party or its respective attorneys in the matters on which Kalil is proposed to be retained; or (iii) has advised any Interested Party, except for the Debtors, in connection

with these Chapter 11 cases. In addition, Kalil does not believe that any relationship that any of our professionals or employees participating in or connected with Kalil's engagement with the Debtors may have with any Interested Party in connection with any unrelated matter will interfere with or impair Kalil's representation of the Debtors in these Chapter 11 cases.

7. To the extent Kalil discovers any facts bearing on the matters described herein during the period of Kalil's retention, Kalil undertakes to amend and supplement the information contained in this Affidavit to disclose such facts.

8. Based on all of the foregoing, Kalil is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors or the Debtors' estates.

9. No agreement presently exists to share with any other person or firm any compensation received by Kalil for its services in this case. If any such agreement is entered into, Kalil undertakes to amend and supplement this Affidavit to disclose the terms of any such agreement.

10. No promises have been received by Kalil, or by any employee thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

11. I am generally familiar with the Bankruptcy Code and the Bankruptcy Rules, and Kalil will comply with them, subject to the Orders of this Court.

{895.001-W0015794.3}

3

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 25TH day of August, 2011.

[NAME]

Sworn to and subscribed before me on this 25th day of August, 2011.

*Cheryl Gangwer*
Notary Public

OFFICIAL SEAL
CHERYL GANGWER
NOTARY PUBLIC - State of Arizona
PIMA COUNTY
My Comm. Expires May 20, 2012

# EXHIBIT 1



# Kalil & Co., Inc.

6363 North Swan Road • Suite 200 • Tucson, Arizona 85718 • (520) 795-1050 • FAX (520) 322-0584

## EXCLUSIVE BROKERAGE AGREEMENT

MTB BRIDGEPORT-NY OPERATING LLC, HEREINAFTER CALLED "SELLER", HEREBY AUTHORIZES KALIL & CO., INC., HEREINAFTER CALLED "BROKER", TO ACT AS EXCLUSIVE BROKER IN THE SALE OF ALL OF ITS ASSETS USED OR USEFUL IN CONNECTION WITH WSAH-TV, BRIDGEPORT, CONNECTICUT, HEREINAFTER CALLED THE "PROPERTY", ON THE FOLLOWING TERMS AND CONDITIONS:

1. BROKER SHALL, AT ITS OWN EXPENSE, INCLUDING ANY TRAVEL EXPENSE, USE ITS BEST EFFORTS TO FIND A SATISFACTORY AND QUALIFIED BUYER FOR THE PROPERTY. THE DETERMINATION OF WHETHER THE BUYER IS SATISFACTORY AND QUALIFIED SHALL BE DETERMINED SOLELY BY SELLER IN SELLER'S REASONABLE BUSINESS JUDGMENT.

2. IN THE EVENT A CONTRACT OF SALE IS CONSUMMATED, SELLER SHALL PAY BROKER AT THE TIME OF TRANSFER OF THE PROPERTY THE STANDARD FEE OF 5% OF THE PURCHASE PRICE ON THE FIRST THREE MILLION DOLLARS AND 2% OF EACH ADDITIONAL DOLLAR, TO BE PAID IN CASH AT AND ONLY UPON CLOSING. THE PRICE SHALL BE DETERMINED ON THE BASIS OF TOTAL CONSIDERATION RECEIVED BY SELLER INCLUDING, BUT NOT LIMITED TO, ANY COVENANT NOT-TO-COMPETE, NOTES PAYABLE TO THE SELLER, AND LIABILITIES ASSUMED BY THE BUYER, AND LMA PAYMENT (IF APPLICABLE).

3. SELLER AGREES TO PROVIDE BROKER WITH ALL THE NECESSARY MATERIALS NORMALLY SUPPLIED IN THE SALE OF A BUSINESS INCLUDING FINANCIAL INFORMATION, A LIST OF THE ASSETS TO BE CONVEYED, AND OTHER ITEMS WHICH MIGHT BE OF OBVIOUS INTEREST TO A POTENTIAL BUYER.

4. THIS AGREEMENT SHALL REMAIN IN EFFECT FOR AT LEAST 180 DAYS FROM THE DATE OF ACCEPTANCE AND THEREAFTER MAY BE TERMINATED BY EITHER PARTY UPON TEN (10) DAYS WRITTEN NOTICE TO THE OTHER PARTY.

5. SELLER AGREES TO PAY BROKER THE FEE AS SET FORTH IN PARAGRAPH 2 ABOVE ON ANY CONTRACT OF SALE FOR THE PROPERTY WITHIN EIGHTEEN (18) MONTHS AFTER TERMINATION OF THIS AGREEMENT TO A BUYER TO WHOM BROKER PRESENTED THE PROPERTY WHILE THIS AGREEMENT WAS IN EFFECT.

Appraisals • Media Investments • Consulting

EXCLUSIVE BROKERAGE AGREEMENT
MTB BRIDGEPORT-NY OPERATING LLC
PAGE 2

6. IF ANY LEGAL ACTION OR PROCEEDING, INCLUDING THE COMMENCEMENT OF A LAWSUIT, IS BROUGHT BY EITHER PARTY TO ENFORCE ANY OF THE PROVISIONS OF THIS AGREEMENT, THE PREVAILING PARTY SHALL BE ENTITLED TO RECEIVE FROM THE OTHER PARTY, IN ADDITION TO ANY OTHER RELIEF THAT MAY BE GRANTED, THE REASONABLE ATTORNEYS' FEES, COSTS, AND EXPENSES INCURRED IN THE ACTION OR PROCEEDING BY THE PREVAILING PARTY.

7/25/11
DATE

FRANK J. HIGNEY
KALIL & CO., INC.

7/25/2011
DATE

LEE W. SHUBERT, TRUSTEE
MTB BRIDGEPORT-NY OPERATING LLC



**Debtors and Affiliates**

MTB Bridgeport-NY Licensee LLC
MTB Bridgeport-NY Operating LLC
Multicultural Capital Trust
Multicultural Television
Multicultural Television Broadcasting LLC

**Insurance**

Hartford Casualty Insurance Company
Hartford Fire Insurance Company
Hartford Underwriters Insurance Company
Hiscox Insurance Company
The Cincinnati Insurance Company

**Employees**

Amy Whelan (Former)
John T. Gill, III (Former)
Kurt Schmied
Ronald Barnes

**Parties in interest**

Arthur Liu
Fortress Investment Group, LLC
Klar & Associates
Lee W. Shubert, LC, Trustee
Multicultural Capital Trust
Wachovia Bank – Columbia Mall

**Creditors**

28:30, LLC
A Able Advocate, Inc.
Adelphia of Western Connecticut, Inc.
Ascap
Bernard National Loan Investors Ltd.
BMI Television
Comcast Cable Television
D.B. Zwirn Special Opportunities Fund, L.P.
Daddios Route 8 Containers LLC
Drawbridge Special Opportunity Fund L.P.
Ellis Communications KDOC, LLC
Federal Communications Commission

Fortress Value Recovery Fund I LLC
Kalil & Co., Inc.
Lerman Senter P.L.L.C.
McEver & Tribble
Monitor Controls, Inc.
My Family Television, LLC
New Day Marketing
NJR TV LLC
Pacific Media Capital, LLC
Pro-Kleen
Retro Programming Services Inc.
Sciarrino & Shubert, PLLC
Seymour Tax Collector
The Hartford
Titan Broadcast Management, LLC
Triveni Digital
Tuff TV, LLC
Wells Fargo Foothill, Inc.
WHPX-TV
Wide Orbit, Inc.
WorldLink Ventures, Inc.

**Utilities**

AT&T
Comcast
Connecticut Light & Power
DirecTV

# EXHIBIT 3

# EXHIBIT "3"

## KALIL'S CONNECTION WITH POTENTIAL PARTIES-IN-INTEREST

| Entity | Relationship to Debtors | Firm Relationship |
|---|---|---|
| Lee W. Shubert, LC | Trustee | Kalil was formerly retained by Lee W. Shubert as trustee of the Multicultural Capital Trust in matters unrelated to these Chapter 11 Cases in connection with (i) the sale of television station WOAC-TV, (ii) the sale of television station WRAY-TV, and (iii) the sale of television station WMFP-TV/KCNS-TV. |
| Multicultural Capital Trust | Party-in-Interest | Kalil was formerly retained by by Lee W. Shubert as trustee of the Multicultural Capital Trust in matters unrelated to these Chapter 11 Cases in connection with (i) the sale of television station WOAC-TV, (ii) the sale of television station WRAY-TV, and (iii) the sale of television station WMFP-TV/KCNS-TV. |
| Arthur Liu | Party-in-Interest | Kalil was formerly retained by Arthur Liu ("Liu"), or entities on which Liu is a principal, in matters unrelated to these Chapter 11 Cases, in connection with the purchase of television stations. Kalil has also been involved in litigation with Liu in matters unrelated to these Chapter 11 Cases. |
| Fortress Investment Group LLC | Second Lien Agent | Kalil had communications with Fortress Investment Group LLC in television and broadcast sales unrelated to these Chapter 11 Cases in which Kalil was engaged by other parties. |
| 28:30, LLC | Vendor | Kalil had communications with 28:30, LLC in television and |

|  |  | broadcast sales unrelated to these Chapter 11 Cases in which Kalil was engaged by other parties. |
| --- | --- | --- |
| Ellis Communications KDOC, LLC | Creditor | Kalil had communications with Ellis Communications KDOC, LLC in television and broadcast sales unrelated to these Chapter 11 Cases in which Kalil was engaged by other parties. |
| Wells Fargo Foothill, Inc. | Creditor and former First Lien Agent and Second Lien Agent | Kalil had communications with Wells Fargo Foothill, Inc. in television and broadcast sales unrelated to these Chapter 11 Cases in which Kalil was engaged by other parties. |
| Pacific Media Capital, LLC | Prepetition Second Lien Lender | Kalil had communications with Pacific Media Capital, LLC in television and broadcast sales unrelated to these Chapter 11 Cases in which Kalil was engaged by other parties. |
| D.B. Zwirn Special Opportunities Fund LP | Party-in-Interest | Kalil had communications with D.B. Zwirn Special Opportunities Fund LP in television and broadcast sales unrelated to these Chapter 11 Cases in which Kalil was engaged by other parties. |
| Titan Broadcast Management, LLC | Party-in-Interest | Kalil had communications with Titan Broadcast Management, LLC in television and broadcast sales unrelated to these Chapter 11 Cases in which Kalil was engaged by other parties. |