IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MTB BRIDGEPORT-NY OPERATING LLC, et al.,[1] | Case No. 11-12707 (KJC) (Jointly Administered) |
| Debtors. | Ref. Docket No. 13 |

**ORDER (A) APPROVING BID PROCEDURES RELATING
TO SALE OF THE DEBTORS' ASSETS; (B) APPROVING
BID PROTECTIONS; (C) SCHEDULING A HEARING TO CONSIDER
THE SALE; (D) APPROVING THE FORM AND MANNER OF NOTICE OF
SALE BY AUCTION; (E) ESTABLISHING PROCEDURES FOR NOTICING
AND DETERMINING CURE AMOUNTS; AND (F) GRANTING RELATED RELIEF**

Upon the Motion[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), seeking entry of (a) an order (i) approving the bid procedures attached hereto as **Exhibit "1"** (the "Bid Procedures"), including the bid protections set forth in that certain form of asset purchase agreement (the "Agreement"), with respect to the proposed sale of substantially all of the Debtors' assets (the "Acquired Assets") attached to the Motion as Exhibit "D", (ii) establishing the date, time, and place for a sale hearing (the "Sale Hearing"), (iii) approving the form and manner of notice of the sale by auction (the "Sale Notice"), attached to the Motion as Exhibit "E", (iv) establishing procedures for noticing and determining cure amounts (the "Cure Notice"), attached to the Motion as Exhibit "F", and (v) granting related relief; and (b) an order (i) approving the sale free and clear of all liens, claims, encumbrances,

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) MTB Bridgeport-NY Operating LLC (0459) [Bankruptcy Case No. 11-12707 (KJC)]; and (ii) MTB Bridgeport-NY Licensee LLC (4381) [Bankruptcy Case No. 11-12708 (KJC)]. The mailing address for the debtors is 11077 Swansfield Road, Columbia, Maryland 21044-2724.

[2] Unless otherwise stated, all capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion and the Agreement attached thereto as Exhibit "D", and to the extent of any inconsistency, the Agreement shall govern.

and interests (the "Transaction" or the "Sale"), with the liens, claims, encumbrances, and interests to attach to the proceeds received by the Debtors from the Sale (the "Sale Proceeds") less the amount of cash necessary to fund (a) any professional fee carve-out approved by the Court as part of any debtor-in-possession financing approved by the Court in these Chapter 11 cases (the "Cases"), and (b) such other wind-up costs as may be approved by the Court, (ii) authorizing the assumption, assignment, and/or transfer of certain executory contracts and unexpired leases, and (iii) granting related relief; and it appearing that the notice of the Motion provided is appropriate and sufficient under the circumstances and that no other or further notice need be given; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and after due deliberation and sufficient cause appearing therefore;

THE COURT HEREBY FINDS AND CONCLUDES THAT:[3]

A. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief requested herein are Sections 105(a), 363(b) and (f), 365, 503, and 507 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (collectively, the "Bankruptcy Code") and Rules 2002(a)(2), 6004(a), (b), (c), (e), (f), and (h), 6006(a), (c), and (d), 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. Notice of the Motion having been given to the Notice Parties (as defined below) is good and sufficient in light of the circumstances and the nature of the relief requested herein and no other or further notice is required except as set forth herein with respect to the Auction and Sale Hearing.

D. The Debtors have articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the sale process, including, without limitation: (i) approving the Bid Procedures; (ii) scheduling a Sale Hearing; (iii) approving the Sale Notice; and (iv) approving the Cure Notice.

E. The Bid Procedures were negotiated in good faith by the Debtors and NRJ TV LLC ("NRJ"). The Bid Procedures are reasonably designed to maximize the value of the Acquired Assets.

F. The Sale Notice attached hereto as **Exhibit "2"** is reasonably calculated to provide all interested parties with timely and proper notice of the Transaction, the Sale Hearing, and the Auction.

G. The Cure Notice attached hereto as **Exhibit "3"** is reasonably calculated to provide all non-debtor counterparties to the Assumed and Assigned Agreements (the "Contract Parties") with proper notice of the potential assumption and assignment of their executory contract or unexpired lease and any cure amounts relating thereto.

H. ~~The Agreement and its terms were negotiated by the Debtors and the Stalking Horse Bidder (as defined below) in good faith and at arms-length.~~ *C*

I. The entry of this Order is in the best interests of the Debtors, their estates, creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. To the extent set forth herein, the Motion is granted.

2. The Bid Procedures, substantially in the form attached hereto as **Exhibit "1"**, are hereby approved and fully incorporated into this Order, and shall apply with respect to the proposed Sale of the Acquired Assets. The Debtors are authorized to take all actions necessary or appropriate to implement the Bid Procedures.

3. NRJ TV NY Opco LLC and NRJ TV NY License Co. LLC (collectively, the "Stalking Horse Bidder"), NRJ, and Fortress Value Recovery Fund I LLC ("Fortress") shall each be deemed to be a Qualified Bidder. The Bid of the Stalking Horse Bidder, set forth in the Agreement (as such Agreement may be amended from time to time), shall be deemed a Qualified Bid. NRJ and Fortress (subject to the express terms of that certain Intercreditor Agreement, dated December 20, 2006 (the "Intercreditor Agreement")) shall be entitled, but not compelled, to credit bid all or a portion of their respective claims against the Debtors and to assign all or a portion of such claims to the Stalking Horse Bidder for purposes of credit bidding pursuant to Section 363(k) of the Bankruptcy Code. The Stalking Horse Bidder shall be entitled to credit bid all or a portion of the claims held by NRJ ~~and Fortress~~ against the Debtors that are assigned to the Stalking Horse Bidder, without otherwise complying with the Participation Requirements (as defined in the Bid Procedures, to the fullest extent permissible under Section 363(k) of the Bankruptcy Code. Any credit bid from NRJ ~~or Fortress~~, including, any assigned credit bid by NRJ ~~or Fortress~~ to the Stalking Horse Bidder, is a Qualified Bid, without otherwise complying with the Participation Requirements of the Bid Procedures, to the fullest extent permissible under Section 363(k) of the Bankruptcy Code.

4. The Debtors are hereby authorized to enter into and execute the Agreement (as modified to the extent necessary to comply with the terms of this Order) and to perform such obligations under the Agreement which may arise prior to the Sale Hearing.

5. The deadline for submitting a Qualified Bid (as such term is defined in the Bid Procedures) shall be November 7, 2011, at 5:00 p.m. (Prevailing Eastern Time) (the "Bid Deadline").

6. If the Debtors do not timely receive any Qualified Bids, other than the Bid submitted by the Stalking Horse Bidder, the Stalking Horse Bidder, or the Stalking Horse Bidder's designee, shall be named the Successful Bidder.

7. To the extent at least one Qualified Bid, other than the Stalking Horse Bidder's Bid, is timely received, the Debtors shall conduct the Auction commencing at 10:00 a.m. (Prevailing Eastern Time) on November 15, 2011, at the offices of Landis Rath & Cobb LLP, 919 N. Market Street, Suite 1800, Wilmington, Delaware, 19899. Each Qualified Bidder participating in the Auction must confirm that it has not engaged in any collusion with respect to the bidding or the Sale.

8. Contract Parties that wish to be notified of the identity of any Qualified Bidder or Successful Bidder after such parties are identified in accordance with the Bidding Procedures must fax a written request for such notification to William E. Chipman, Jr., Esquire, at Landis Rath & Cobb LLP, 919 N. Market Street, Suite 1800, Wilmington, Delaware, 19899, facsimile number (302) 467-4450 or request a copy by email to chipman@lrclaw.com. Such request must specify how the information is to be transmitted to the Contract Party. Notice will be provided as soon as practicable, but no later than 9:00 a.m. (Prevailing Eastern Time) on the day of the Sale Hearing.

9. All bidders, including the Stalking Horse Bidder, submitting a Qualified Bid are deemed to have submitted to the exclusive jurisdiction of the Court with respect to all matters between and among any Qualified Bidder and the Debtors related to the Auction and the terms and conditions of the transfer of the Acquired Assets.

10. The Court shall conduct the Sale Hearing commencing on November 16, 2011, at 3:30 p.m. (Prevailing Eastern Time), at which time, the Court will consider approval of the Sale to the Successful Bidder and entry of the Sale Order. The Sale Hearing may be adjourned from time to time without further notice to creditors or other parties in interest other than by announcement of such adjournment at the Sale Hearing or on the hearing agenda filed with the Court for such hearing.

11. Objections to (a) approval of the Sale and entry of the Sale Order, including the sale of the Acquired Assets free and clear of liens, claims, encumbrances, and interests pursuant to Section 363(f) of the Bankruptcy Code, with the liens, claims, encumbrances, and interests to attach to the Sale Proceeds, (b) proposed Cure Amounts, and (c) the proposed assumption, assignment and/or transfer of agreements (collectively, the "Assumed and Assigned Agreements"), including, but not limited to, objections related to adequate assurance of future performance, must be in writing and filed with this Court and served upon: (i) counsel to the Debtors, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19899 (Attn: William E. Chipman, Jr., Esq.); (ii) counsel to the Stalking Horse Bidder, Greenberg Traurig, LLP, The Forum, 3290 Northside Parkway, Suite 400, Atlanta, Georgia, 30327 (Attn: David B. Kurzweil, Esq.), and Greenberg Traurig, LLP, The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, Delaware, 19801 (Attn: Scott D. Cousins, Esq.); (iii) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801

(Attn: Juliet Sarkessian, Esq.); and (iv) counsel to Fortress, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Matthew B. Lunn, Esq.), so as to be received by such parties on or before November 1, 2011, at 5:00 p.m. (Prevailing Eastern Time) (the "Objection Deadline").

12. Unless an objection to the assumption, assignment and/or transfer of an Assumed and Assigned Agreement is filed and served before the Objection Deadline or the Amended Contract Objection Deadline (as defined below), as applicable, all counterparties to the Assumed and Assigned Agreements shall be (a) forever barred from objecting to the proposed Cure Amounts and from asserting any additional cure or other amounts with respect to the Assumed and Assigned Agreements, and the Debtors and the Stalking Horse Bidder, a designee of the Stalking Horse Bidder, or Successful Bidder, as applicable, shall be entitled to rely solely upon the proposed Cure Amounts set forth in the Cure Notices, (b) deemed to have consented to the assumption, assignment, and transfer of the Assumed and Assigned Agreements, and (c) forever barred and estopped from asserting or claiming against the Debtors or the Stalking Horse Bidder, a designee of the Stalking Horse Bidder, or the Successful Bidder, as applicable, that any additional amounts are due or other defaults exist, that conditions to assumption, assignment and assignment must be satisfied under such Assumed and Assigned Agreements, or that there is any objection or defense to the assumption, assignment and/or transfer of such Assumed and Assigned Agreements.

13. Where a non-Debtor counterparty to an Assumed and Assigned Agreement files an objection asserting a cure amount higher than the proposed Cure Amounts (the "Disputed Cure Amount"), then (a) to the extent that the parties are able to consensually resolve the Disputed Cure Amount prior to the Sale Hearing, and subject to the consent of the Stalking

Horse Bidder, or the Successful Bidder, as applicable, of such consensual resolution, the Debtors shall promptly provide the Stalking Horse Bidder, or the Successful Bidder, as applicable, notice and opportunity to object to such proposed resolution and, absent an objection, the Cure Amount shall be in the amount agreed upon in such consensual resolution, or (b) to the extent the parties are unable to consensually resolve the dispute prior to the Sale Hearing, or to the extent that the Stalking Horse Bidder or Successful Bidder, as applicable, does not consent to a proposed resolution prior to the Sale Hearing, then such objection will be heard at the Sale Hearing or thereafter. Pending a ruling on such objection, the Stalking Horse Bidder or the Successful Bidder, as applicable, may, at its sole option and in its discretion, either: (i) direct that the Agreement regarding which the Cure Amount objection is pending be removed from the Schedule of Assigned Agreements and render such Agreement an Excluded Asset; or (ii) reserve the amount necessary to satisfy the Cure Amount in the amount asserted by the objecting non-Debtor counterparty and, at the conclusion of proceedings regarding the objection, either (a) pay the Cure Amount in the amount and as determined by a final Court order or agreement, or (b) direct that the Agreement be removed from the Schedule of Assigned Agreements and render such Agreement an Excluded Asset. All other objections to the proposed assumption, assignment and/or transfer of an Assigned Agreement will be heard at the Sale Hearing.

14. In the event that the Stalking Horse Bidder is not the Successful Bidder for the Acquired Assets, within one (1) business day after the conclusion of the Auction for the Acquired Assets, the Debtors will serve a notice identifying the Successful Bidder to the non-debtor parties to the Assumed and Assigned Agreements that have been identified in the Bid of the Successful Bidder. The Debtors shall schedule a hearing (the "<u>Adequate Assurance Hearing</u>"), not more than thirty-five (35) days after the Sale Hearing, for the Court to consider

any adequate assurance of future performance objections. The non-debtor parties to the Assumed and Assigned Agreements will have until seven days prior Adequate Assurance Hearing (the "Amended Contract Objection Deadline") to object to the assumption, assignment and/or transfer of such Assumed and Assigned Agreement solely on the issue of whether the Successful Bidder can provide adequate assurance of future performance as required by Section 365 of the Bankruptcy Code.

15. All objections to the relief requested in the Motion with respect to the Bid Procedures that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled, except as otherwise set forth herein.

16. NRJ, Fortress and the Stalking Horse Bidder shall have standing to object to the sale of the Acquired Assets to the Successful Bidder other than the Stalking Horse Bidder or the Stalking Horse Bidder's designee. This Order shall not be a determination regarding the Stalking Horse Bidder's standing regarding any other issue in connection with the Sale. Nor shall this order be a determination regarding any other party's standing to object to the sale of the Acquired Assets to the Stalking Horse Bidder, Fortress or other Successful Bidder.

17. The Sale Notice attached hereto as **Exhibit "2"** provides proper notice to all parties-in-interest and is approved.

18. The Cure Notice similar to the form attached hereto as **Exhibit "3"** provides proper notice to all parties-in-interest and is approved. The Debtors will serve the Cure Notice, not later than seven (7) days after the entry of this Order, upon the counterparties to each Assumed and Assigned Agreement.

{895.002-W0016847.5}

9

19. Within three (3) business days of this Order, the Debtors shall serve by first-class mail, postage prepaid, copies of (a) this Order and (b) the Sale Notice upon the following entities: (i) the Office of the United States Trustee for the District of Delaware; (ii) all taxing authorities having jurisdiction over any of the Acquired Assets subject to the sale, including the Internal Revenue Service; (iii) the Federal Communication Commission; (iv) the state/local environmental agencies in the jurisdictions where the Debtors own or lease real property; (v) all parties that have requested special notice pursuant to Bankruptcy Rule 2002 as of the date prior to the date of entry of this order; (vi) all persons or entities known to the Debtors that have or have asserted a lien on, or security interest in, all or any portion of the Acquired Assets; (vii) all Contract Parties; (viii) counsel to the Stalking Horse Bidder; (ix) all Attorneys General for the states in which the Debtors conduct business; and (x) all potential bidders previously identified or otherwise known to the Debtors (collectively, the "Notice Parties").

20. Not later than five (5) days after entry of this Order, the Debtors shall cause the Sale Notice to be published in the national edition of either *The Wall Street Journal* or *The New York Times*, pursuant to Bankruptcy Rule 2002(1). Such publication notice shall be sufficient and proper notice to any other interested parties.

21. Not later than November 10, 2011, at 5:00 p.m. (Prevailing Eastern Time), the Debtors will notify all Qualified Bidders and counsel to Fortress (a) the highest or otherwise best Qualified Bid received by the Bid Deadline (the "Baseline Bid") and (b) the time and place of the Auction, and provide copies of all Qualified Bids to Fortress and all Qualified Bidders.

22. Only (i) the Debtors and their counsel, (ii) the Stalking Horse Bidder, (iii) Fortress, (iv) other Qualified Bidders, (v) any creditor of the Debtors that has provided written notice to the Debtors' counsel at least five (5) business days in advance of the Auction of his, her

or its intent to attend the Auction, and (vi) representatives of the Office of the U.S. Trustee, shall be permitted to attend the Auction and only the Stalking Horse Bidder, Fortress and other Qualified Bidders may be entitled to make any subsequent Qualified Bids at the Auction.

23. Upon conclusion of the bidding, the Auction shall be closed, and Debtors shall (a) review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the Proposed Sale and the amount of the cash (or cash equivalent) consideration, and (b) identify the highest or otherwise best offer for the Acquired Assets (the "Successful Bid" and the entity submitting such Successful Bid, the "Successful Bidder").

24. The Debtors shall sell the Acquired Assets to the Successful Bidder upon approval of the Successful Bid by the Bankruptcy Court after the Sale Hearing. The Debtors' presentation of a particular Qualified Bid to the Bankruptcy Court for approval does not constitute the Debtors' acceptance of the bid. The Debtors will be deemed to have accepted a Bid only when the Bid has been approved by the Court at the Sale Hearing, to be held before the Honorable Kevin J. Carey, United States Bankruptcy Court for the District of Delaware, on November 16, 2011, at 3:30 p.m. (Prevailing Eastern Time), or as soon thereafter as counsel may be heard.

25. This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

26. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

27. Notwithstanding the possible applicability of Federal Rule of Bankruptcy Procedure 6004(h), 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Order

shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

28. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order and the Bid Procedures.

Dated: October 4, 2011
       Wilmington, Delaware

_____
HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE